UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA MAINER,

    Plaintiff,

v.                                                                        Case No: 8:20-cv-2124-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff Sandra Mainer's Motion for Remand Under Sentence Six of 42[1] U.S.C. § 405(g) ("Motion") (Dkt. 19) and Defendant's Response in Opposition (Dkt. 21). Upon consideration and for the reasons that follow, the Motion is granted.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on February 6, 2017. (Tr. 312–24.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 125–86.) Plaintiff then requested an administrative hearing. (Tr. 227–28.) Upon

---

[1] The Motion refers to 45 U.S.C. § 405(g). (Dkt. 19.) However, Title 45 of the United States Code relates to Railroads, not Social Security disability benefits, and does not contain a § 405. The Court therefore construes Plaintiff's Motion pursuant to 42 U.S.C. § 405(g).

Plaintiff's request, the Administrative Law Judge ("ALJ") held a hearing at which Plaintiff appeared and testified. (Tr. 37–56.) Following the hearing, the ALJ issued an unfavorable decision on September 19, 2019 finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 12–36.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–8.) Plaintiff then timely filed a Complaint with this Court seeking judicial review of the denial of her claims for benefits under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Dkt. 1.)

After the Commissioner answered the Complaint and filed the transcript of the administrative proceedings, the Court entered a scheduling order. (Dkt. 17.) The Court directed Plaintiff to file her memorandum of law in opposition to the Commissioner's decision to deny her benefits with sixty (60) days. (*Id.*) Plaintiff then timely filed this Motion and a Notice of Non-Filing of Memorandum in Opposition to Commissioner's Decision. (Dkt. 19.) Plaintiff notes that she does not argue that the Commissioner's decision to deny her benefits was not supported by substantial evidence. Rather, she seeks remand back to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) based on new evidence. (*Id.*) In response, the Commissioner argues remand is not appropriate because Plaintiff has not established the necessary criteria to support a remand under sentence six. (Dkt. 21.)

B. **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1967, claimed disability beginning on February 19, 2010. (Tr. 312, 319.) Plaintiff has an eleventh-grade education. (Tr. 41.) Plaintiff's past relevant work experience includes work as a laundry worker. (Tr. 52.) Plaintiff alleged disability due to hepatitis C, mental disorders, hearing voices, and back pain. (Tr. 125–26, 136–37.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since February 19, 2010, the alleged onset date. (Tr. 15.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: status post epidural with residual chronic back pain, osteoarthritis of the knees, depression, an anxiety disorder, and an intellectual disability. (Tr. 15.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16–19.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except "she can frequently climb, balance, stoop, kneel, crouch and crawl." (Tr. 19.) The ALJ further found that Plaintiff could "perform simple routine tasks not on a production based system with frequent interaction with others." (Tr. 19.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected

to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the evidence of record. (Tr. 20.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could perform her past relevant work as a laundry worker. (Tr. 27.) Given Plaintiff's background and RFC, the VE also testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as hand packager, window cleaner, and dining room attendant. (Tr. 52–53.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 28.)

### C. New Evidence

On this Motion, Plaintiff offers medical records from Florida Medical Clinic, Orthopaedics: Sports Medicine & Spine. (Dkt. 19-1.) The new records reflect treatment from June 13, 2019, July 15, 2019, and December 16, 2019. Thus, two of the records are for treatment before the ALJ issued her decision on September 19, 2019; one of the records is for treatment after the ALJ issued her decision but before the Appeals Council denied review on July 21, 2020. (Tr. 1, 29.) The June 13, 2019 treatment record also indicates new radiographs of Plaintiff's knees. These treatment records were not submitted to the Commissioner during the administrative proceedings. Plaintiff moves the Court to remand this case back to the Commissioner for consideration of this new evidence.

## APPLICABLE STANDARDS

With limited exceptions, a claimant is permitted to present new evidence at each stage of the administrative process before the Commissioner. 20 C.F.R. § 404.900(b). However, where evidence is first presented to the district court, the court may consider only whether the newly discovered evidence warrants remand to the Commissioner under sentence six of 42 U.S.C. § 405(g). *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) ("[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review.").

Sentence six of § 405(g) provides that the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To prevail on a motion seeking remand under sentence six, a plaintiff must establish "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). All three requirements must be met to warrant remand under sentence six on a plaintiff's motion. *See Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991) ("Under sentence six, the district court may remand in light of additional evidence without making any

substantive ruling as to the correctness of the [Commissioner's] decision, but only if the claimant shows good cause for failing to present the evidence earlier.").

## ANALYSIS

### A. Noncumulative Evidence

The Commissioner contends the treatment records are cumulative evidence and only further bolster the findings of the ALJ. (Dkt. 21 at 4–5.) Specifically, the Commissioner notes that the ALJ included Plaintiff's osteoarthritis as a severe impairment and accounted for the impairment by including postural limitations in the RFC. (*Id.*)

In her evaluation of Plaintiff's knee pain, the ALJ specifically noted that one of Plaintiff's providers, Dr. Gupta, found that "her knee pain was likely related to osteoarthritis." (Tr. 21.) The ALJ continued: "However, x-ray imaging of the bilateral knees was generally normal." (*Id.*) The ALJ cited to specific medical records in support of this conclusion, including an x-ray report from Dr. Gupta. (Tr. 730, 797–98.) On August 14, 2017, Dr. Gupta concluded that Plaintiff's x-rays were "normal" and found that her "[j]oint spaces" were "well maintained." (Tr. 730.) Subsequent imaging of Plaintiff's knees performed on November 7, 2017 revealed no abnormalities with preserved joint spaces and no soft tissue abnormality. (Tr. 797–98.) The ALJ also relied on a February 2018 x-ray that "revealed no significant abnormality and preserved joint spaces." (Tr. 21, 819–20.) Additionally, the ALJ noted that Plaintiff was referred to an orthopedic surgeon but did not discuss any further treatment. (Tr. 22.)

The records submitted to the Court with Plaintiff's Motion reflect treatment by Dr. Guttentag at Florida Medical Clinic Orthopaedics.  The record does not appear to include any other treatment from this provider, or a similar specialist.  Moreover, the June 13, 2019 record reflects new imaging of Plaintiff's knees.  Plaintiff's provider noted that the radiographs showed "medial joint space narrowing bilaterally greater than 50%."  (Dkt. 19-1 at 6.)  As such, these treatment records present new, noncumulative medical evidence of Plaintiff's knee impairment.  *See Reid v. Comm'r of Soc. Sec.*, No. 6:05-cv-594-ORL-GJK, 2008 WL 4279675, at *9 (M.D. Fla. Sept. 15, 2008) (finding that x-rays showing degenerative defects in spine and osteoarthritis in knees were noncumulative evidence).

### B. Material Evidence

The new records are material in that there is a reasonable possibility that they might change the administrative result.  *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988) (citing *Caulder*, 791 F.3d at 877)).  The ALJ found that Plaintiff's osteoarthritis is a severe impairment.  (Tr. 15.)  In assessing her RFC, however, the ALJ repeatedly noted that, notwithstanding Plaintiff's complaints of knee pain and limited mobility, her imaging consistently showed no abnormalities.  (Tr. 21.)  The new imaging submitted on this Motion yielded a different result, specifically a finding of "medial joint space narrowing bilaterally greater than 50%."  (Dkt. 19-1 at 6.)  *See Caulder*, 791 F.2d at 878 ("We find that there is a reasonable possibility that the new evidence would change the administrative outcome because it consists of medical evidence that relates directly to one of [plaintiff's] principal alleged impairments.").

Additionally, these records demonstrate treatment by an orthopedic provider. The ALJ noted some lapses in Plaintiff's knee treatment, specifically that treatment notes from physical therapy did not appear in the record and that she was referred to an orthopedic surgeon. (Tr. 21–22.) Thus, the ALJ relied upon imaging and treatment records for Plaintiff's knee impairment that are inconsistent with this new evidence. *See Pupo v. Comm'r, Soc. Sec. Admin*, No. 19-14633, at *17–18 (11th Cir. Nov. 3, 2021) (finding new evidence to be material because it was inconsistent with prior records for a particular impairment). As such, "there is a reasonably probability that this new evidence" may impact the ALJ's evaluation of Plaintiff's knee impairment and her RFC. Therefore, the evidence is material. *Pruitt v. Astrue*, No. 1:07-cv-634-M, 2008 WL 801799, at *4 (S.D. Ala. Mar. 24, 2008).

### C. Good Cause

As noted above, these records were not submitted to the Commissioner during the administrative proceedings. Plaintiff, therefore, must establish good cause for failure to submit these records in order to obtain a sentence six remand. Indeed, in *Melkonyan v. Sullivan*, the Supreme Court explained that the text of § 405(g) explicitly requires the court to find good cause before remanding a case back to the Commissioner pursuant to sentence six. 501 U.S. at 101.

Plaintiff asks the Court to find good cause for her delayed submission of these medical records due to her low intellectual functioning. (Dkt. 19.) Plaintiff's current counsel posits that her former counsel did not advise Plaintiff of her right to continue to submit evidence after the administrative hearing or, even if he had, that Plaintiff's

intellectual disability impaired her ability to comply with counsel's directives. (*Id.*) The Commissioner responds that Plaintiff cannot show good cause for failing to submit these records during the administrative proceedings. (Dkt. 21 at 2.) The Commissioner notes that these records existed before the Appeals Council issued its decision, and some of the records existed even before the ALJ rendered her decision. Additionally, the Commissioner notes that Plaintiff was represented by counsel throughout the administrative proceedings and that Plaintiff's "poor presentation" is not sufficient good cause to warrant a sentence six remand.

The good cause requirement of sentence six demands more than inadvertence, oversight, or gamesmanship. *See Jones v. Comm'r of Soc. Sec.*, No. 8:19-cv-1415-T-NPM, 2020 WL 8669680, at *4 (M.D. Fla. Nov. 30, 2020) (finding no good cause where plaintiff possessed evidence but could not explain why he failed to submit it to the Appeals Council); *Culpepper v. Colvin*, No. 2:13-cv-1015-LSC, 2014 WL 3889800, at *6 (N.D. Ala. Aug. 6, 2014) (finding no good cause where the plaintiff chose to submit some records to the Appeals Council but not others); *Overby v. Colvin*, No. 1:12-cv-663, 2013 WL 1814594, at *4 (N.D.N.Y. Apr. 4, 2013), *report and recommendation adopted,* No. 1:12-cv-663 GLS/ESH, 2013 WL 1808020 (N.D.N.Y. Apr. 29, 2013) (noting that "carelessness, inattention or willful disregard" of evidence does not create good cause).

Some courts have found that counsel's failure to fully develop the administrative record is imputed to the plaintiff-client and that counsel's failure does not create good cause for remand under sentence six. *See, e.g.*, *Douglas v. Comm'r of Soc. Sec.*, No. 6:17-

cv-490-ORL-37DCI, 2018 WL 4381197, at *3 (M.D. Fla. June 6, 2018), *report and recommendation adopted,* No. 6:17-cv-490-ORL-37DCI, 2018 WL 3968963 (M.D. Fla. Aug. 20, 2018) ("Claimant cannot establish good cause for his failure to submit the Records based upon his counsel's inexplicable failure to provide the Records to the ALJ or, later, to the Appeals Council."); *Stover v. Comm'r of Soc. Sec.*, No. 2:16-cv-1265-JFC-RCM, 2017 WL 3190724, at *4 n.6 (W.D. Pa. July 27, 2017) ("Where a plaintiff retains new counsel on appeal and this counsel obtains new evidence, the change in counsel cannot in and of itself serve as good cause for remanding the case under Sentence Six."); *Cross v. Colvin*, No. 6:16-cv-0111 (GTS), 2016 WL 7011477, at *5 (N.D.N.Y. Dec. 1, 2016) ("[T]he omissions of Plaintiff's former counsel do not establish good cause to obtain a sentence six remand.") (collecting cases); *Culpepper*, 2014 WL 3889800, at *5 (same); *Estes v. Astrue*, No. 1:10-cv-0015, 2012 WL 423372, at *1 (D. Utah Feb. 8, 2012) (finding no good cause where neither counsel nor plaintiff exercised due diligence to obtain records). However, in this case, Plaintiff's limited intellectual functioning warrants a closer examination of the good cause issue.

The ALJ found that Plaintiff's severe impairments include an intellectual disability. (Tr. 15.) The ALJ noted that Plaintiff is unable to read written instructions, although she self-reported her ability to follow oral instructions as "good." (Tr. 17.) The ALJ reviewed reports from multiple providers regarding Plaintiff's intellectual functioning, including one that "revealed a full-scale IQ score of 63, placing her in the extremely low range." (Tr. 17.) According to the ALJ, another consultative

examination revealed that Plaintiff has impaired short term memory and a mild intellectual disability. (Tr. 17.)

During the hearing before the ALJ, Plaintiff testified that she could not remember the jobs she performed from 2004 through 2009, never obtained her General Education Development diploma, never attempted to obtain a driver's license, cannot make change for a $20.00 bill without the use of her cell phone, cannot read and comprehend newspaper articles, and attended special education classes in school. (Tr. 41–50.)  Further, Plaintiff's counsel advised the ALJ during the hearing that additional records were outstanding, including treatment records from Tampa General Health Family Care Center and Plaintiff's high school records. (Tr. 40.)  The ALJ left the record open to allow counsel additional time to obtain the missing records. (Tr. 55–56.)  The records from Florida Medical Clinic Orthopaedics were not included in the list of missing records.

In light of Plaintiff's limited intellectual functioning and difficulties with written instructions and short-term memory, the Court finds good cause for Plaintiff's failure to submit these new records during the administrative proceedings.  It appears that Plaintiff's former counsel performed a diligent review of Plaintiff's treatment history and developed the record based on the information provided by Plaintiff.  It further appears that Plaintiff may not have been able to understand or remember the instruction to continue to provide her counsel with new treatment records.  In *Jennings v. Astrue*, No. 1:09-cv-1500-TWT-LTW, 2010 WL 3418336, at *9 (N.D. Ga. Aug. 5, 2010), *report and recommendation adopted,* No. 1:09-cv-1500-TWT, 2010 WL 3418341

(N.D. Ga. Aug. 25, 2010), the court found good cause under similar circumstances. In *Jennings*, the plaintiff suffered from homelessness and mental illness. *Id.* As a result, the court found that the plaintiff "could not have been expected to ensure his former counsel knew of every mental health treatment document that existed." *Id.*; *see also Pruitt*, 2008 WL 801799, at *4 ("Though there is no good explanation as to why Plaintiff's former attorney did not present the evidence, this Court does not wish to see the error compounded."); *Digiovanni v. Apfel*, No. 2:97-cv-245-FTM-RWN-GTS, 1999 WL 33601325, at *6 (M.D. Fla. Feb. 8, 1999) ("Further, the Court finds that the Plaintiff should not be denied an opportunity for the ALJ and the Appeals Council to fairly review his case based upon failure of initial counsel to obtain material evidence in this case. Therefore, the Court finds that good cause exists.").

Due to her intellectual disability—particularly her extremely low IQ, inability to read instructions, and impaired short-term memory—Plaintiff could not be reasonably expected to ensure that her former attorney knew of every medical record that should have been included in the administrative record. Further, the Commissioner does not contend and there is no evidence that Plaintiff's delayed disclosure of this evidence is a "bad faith attempt . . . to manipulate the administrative process." *Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903, 907 (11th Cir. 2006). Therefore, the Court finds good cause for Plaintiff's failure to submit these records during the administrative proceedings before the Commissioner.

## CONCLUSION

Plaintiff has met her burden to obtain a remand to the Commissioner for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly, after due consideration and for the foregoing reasons, it is **ORDERED**:

1. Plaintiff's Motion for Remand (Dkt. 19) is **GRANTED**.

2. The decision of the Commissioner is **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

3. The Clerk is directed to administratively close this case pending resolution of the proceedings on remand.

4. The Court shall retain jurisdiction over this matter for further proceedings, should they be deemed necessary by either party. In the event this matter is resolved by final decision or agreement of the parties, the parties shall notify the Court by filing a status report within fifteen (15) days of the final disposition.

**DONE** and **ORDERED** in Tampa, Florida, on November 8, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record